UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| MICHAEL T., a person with diminished capacity, *et al.*, <br><br> Plaintiffs, <br><br> WILLIAM CROUCH, in his official capacity as Secretary of the WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 2:15-cv-09655 |

## DEFENDANT'S MOTION TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant William Crouch, Secretary of the West Virginia Department of Health and Human Resources, moves to dismiss Plaintiffs' Amended Complaint (ECF No. 14) or, the alternative, to grant summary judgment for Defendant on all counts. A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) is warranted when a complaint fails to "present factual allegations that 'state a claim to relief that is plausible on its face.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As described in detail in Defendant's accompanying memorandum, DHHR has devised a new service authorization system, and is no longer assessing new budgets for individuals based on the service authorization system challenged in Plaintiffs' amended complaint. Because Defendant is no longer using the complained of service authorization process, the Plaintiffs' claims are moot, and any challenge to the State's new service authorization system is not properly before the Court. Accordingly, this case should be dismissed.

In the alternative, this Court should grant summary judgment for Defendant on all counts of the amended complaint. Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A moving party is "entitled to a judgment as a matter of law" when the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). As explained in further detail in Defendant's accompanying memorandum, Plaintiffs have produced no evidence that Plaintiffs' service authorization system violates the Due Process Clause or federal Medicaid law, or that it discriminates against individuals with disabilities.

Respectfully submitted,

/s/ Kimberly Stitzinger

Kimberly Stitzinger
Office of the West Virginia Attorney General
Room 251
350 Capitol Street
Charleston, WV 25301

/s/ Caroline M. Brown

Caroline M. Brown

/s/ Philip J. Peisch

Philip J. Peisch

/s/ Shruti C. Barker

Shruti C. Barker
Covington & Burling LLP
One CityCenter
850 10th Street NW
Washington, DC 20001

July 2, 2018

## CERTIFICATE OF SERVICE

I, Caroline M. Brown, hereby certify that I caused a true and correct copy of Defendant's **Motion to Dismiss, or in the Alternative, Motion for Summary Judgment** to the following via ECF notification:

>Bren J. Pomponio
>Gary M. Smith
>Lydia C. Milnes
>Mountain State Justice, Inc.
>Suite 200
>1031 Quarrier Street
>Charleston, WV 25301

Dated: July 2, 2018

| | |
|---|---|
| /s/ Kimberly Stitzinger | /s/ Caroline M. Brown |
| Kimberly Stitzinger | Caroline M. Brown |
| Office of the West Virginia Attorney General | |
| Room 251 | /s/ Philip J. Peisch |
| 350 Capitol Street | Philip J. Peisch |
| Charleston, WV 25301 | |
| | /s/ Shruti C. Barker |
| | Shruti C. Barker |
| | |
| | Covington & Burling LLP |
| | One CityCenter |
| | 850 10th Street NW |
| | Washington, DC 20001 |